IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY WHITE, <br><br> Plaintiff, <br><br> v. <br><br> UNKNOWN OFFICERS and the CITY OF JOLIET, <br><br> Defendants. | JUDGE HIBBLER <br><br> No. 08-c-719 |

## JOINT STATUS REPORT

NOW COMES the Plaintiff, by and through his attorney, Erica Faaborg of Horwitz, Richardson, and Baker, LLC, and the Defendants, by and through their attorney, Gregory Smith, of the City of Joliet and submit this joint status report.

1. The lead attorneys on the case are Blake Horwitz for the Plaintiff and Gregory Smith for the Defendants. These are the attorneys that will try the case if it goes to trial.

2. Basis for federal jurisdiction: 42 U.S.C. § 1983; 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

3. Nature of the claims asserted in the complaint and any counterclaims: The Plaintiff alleges he was falsely arrested and brings claims of § 1983 false arrest and a state claim of false arrest, excessive force, battery (state law claim), a deliberate indifference to medical needs claim, an indemnity claim against City of Joliet under 745 ILCS 10/9-102, and a supplementary *respondeat superior* claim.

4. The name of any party not yet served and the circumstances regarding non-service: The City has been served and has appeared through counsel. To date, the unknown officers have not been identified; however counsel the unknown officers has entered an appearance. At such

time as the unknown officers are identified, plaintiff will amend his complaint, and any identified officers will be served.

   5. Principal legal issues: the probable cause standard for a false arrest claim, the standards regarding amount of force to be used to effectuate an arrest, the elements of battery and deliberate indifference to medical needs.

   6. Principal factual issues: whether the Defendants had any basis to arrest and use force against the Plaintiff, i.e. the Defendants' factual basis for probable cause and the Plaintiff's claimed lack thereof.

   7. Whether a jury trial is expected by either party: Plaintiff has demanded a trial by jury.

   8. A short description of any discovery undertaken to date and any anticipated in the future: no discovery has occurred to date. The parties expect to use the normal discovery devices, including requests for production, interrogatories, requests for admission, and depositions. At this juncture, the parties do not anticipate exceeding the ten (10) depositions allotted by the Federal Rules of Procedure and do not anticipate needing more than the seven (7) hours allotted for each such deposition. The parties propose the following discovery schedule:

       a. Fact discovery to be completed by August 15, 2008.

       b. Plaintiff to disclose expert witnesses by September 12, 2008.

       c. Defendant to disclose expert witnesses by October 13, 2008.

   9. The earliest date the parties will be ready for trial and the length of the trial: The parties believe they can be ready for trial in approximately seven months (November 10, 2008) and anticipate the trial lasting 2-3 days.

   10. Whether or not the parties unanimously consent to proceed before a Magistrate Judge: the parties do not unanimously consent to proceed before a Magistrate Judge at this time.

11.  The status of any settlement discussions and whether the parties request a settlement conference: Plaintiffs have not made a demand, and to date, no settlement discussions have occurred.  At this juncture the parties are not requesting a settlement conference.

Respectfully submitted,

s/ Erica Faaborg
Erica Faaborg, Esq.
Horwitz, Richardson, and Baker, LLC
20 S. Clark, Suite 500
Chicago, IL 60603
Tel: 312-676-2100
Fax: 312-372-7076
Erica.lobh@gmail.com

s/ Gregory Smith
Gregory Smith, Esq.
City of Joliet
150 W. Jefferson Street
Joliet, IL 60432
Tel: 815-724-3800
Gsmith@jolietcity.org