IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY WHITE, | |
| Plaintiff, | |
| v. | JUDGE HIBBLER |
| | No. 08-c-719 |
| LIEUTENANT ROECHNER #34, SGT. MICHAEL REILLY #61, SGT. STEFANSKI #82, OFFICER SAWYER #120, OFFICER KELLY #125, OFFICER PALMER #255, OFFICER KILGORE #332 and the CITY OF JOLIET, | |
| Defendants. | |

TLM

FILED
JULY 8, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## AMENDED COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through Horwitz, Richardson & Baker LLC, and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit, LIEUTENANT ROECHNER #34, SGT. MICHAEL REILLY #61, SGT. STEFANSKI #82, OFFICER SAWYER #120, OFFICER KELLY #125, OFFICER PALMER #255, and OFFICER KILGORE #332 (hereinafter, the "DEFENDANT OFFICERS") and the CITY OF JOLIET.

### JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

### PARTIES

2. PLAINTIFF is a resident of the State of Illinois and of the United States.

1

3. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF JOLIET.

4. The CITY OF JOLIET is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint. At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF JOLIET.

## FACTS

5. On or about August 18, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

6. On or about August 18, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

7. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

8. The DEFENDANT OFFICERS arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

9. On August 18, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

10. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

11. As a direct and proximate cause of DEFENDANT OFFICERS' interaction with PLAINTIFF, PLAINTIFF was physically injured and required medical attention.

12. DEFENDANT OFFICERS released PLAINTIFF from their custody after causing him physical injury, without assisting PLAINTIFF in seeking medical attention.

13. On or about August 18, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF JOLIET. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

14. Upon information and belief, UNKNOWN OFFICERS, on August 18, 2007, came into physical contact with PLAINTIFF.

**CONSPIRACY**

15. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

    a. agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

    b. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

    c. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;

    d. agreeing not to report each other after falsely arresting and/or charging PLAINTIFF;

14. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about August 18, 2007, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above.

## COUNT I
## §1983 Excessive Force

15. PLAINTIFF re-alleges paragraphs 1 – 14 as though fully set forth herein.

16. The actions of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFF. This conduct violated the Fourth Amendment of the United States Constitution.

17. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
## §1983 False Arrest

18. PLAINTIFF re-alleges paragraphs 1 – 14 as though fully set forth herein.

19. The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

20. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

**COUNT III**
**False Arrest –State Claim**

21. PLAINTIFF re-alleges paragraphs 1 – 14 as though fully set forth herein.

22. The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois state law.

23. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

**COUNT IV**
**Battery –State Claim**

24. PLAINTIFF re-alleges paragraphs 1 – 14 as though fully set forth herein.

25. The DEFENDANT OFFICERS struck the PLAINTIFF intentionally, without consent and without justification.

26. The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

27. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT V
## § 1983 Deliberate Indifference to Medical Needs

28.     PLAINTIFF re-alleges paragraphs 1 – 14 as though fully set forth herein.

29.     The actions of the DEFENDANT OFFICERS were deliberately indifferent to the medical needs of the PLAINTIFF in that said OFFICERS failed to transport PLAINTIFF for immediate medical attention after causing injury to PLAINTIFF.  This conduct violated the fourth and Fourteenth Amendment to the United States Constitution.

30.     The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorney's fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT XI
## 745 ILCS 10/9-102 Claim Against the CITY OF JOLIET

31.     PLAINTIFF re-alleges paragraphs 1 – 14 as though fully set forth herein.

32.     Defendant CITY OF JOLIET is the employer of the DEFENDANT OFFICERS alleged above.

33.     The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF JOLIET.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF JOLIET pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint.

### COUNT XII
### Supplementary Claim for *Respondeat Superior*

34.	PLAINTIFF re-alleges paragraphs 1 – 14 as though fully set forth herein.

35.	The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF JOLIET, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF JOLIET and such other additional relief, as this Court deems equitable and just.

**Plaintiff demands trial by jury.**

Respectfully submitted,

s/ Erica Faaborg
Attorney for the Plaintiff
Erica Faaborg

Horwitz, Richardson & Baker LLC
20 S. Clark Street, Suite 500
Chicago, IL  60603
Tel:  (312) 676-2100
Fax:  (312) 372-7076